# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | I.D. No. 1702010418 |
| v. | ) | |
| | ) | |
| THOMAS MCCRAY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  November 26, 2024
Decided:  December 4, 2024

## <u>ORDER</u>

On this 14th day of October, 2024, upon consideration of Defendant, Thomas McCray's Motion for Correction of an Illegal Sentence, the State's Opposition, the facts, procedural history and the entire record in this case, it appears to the Court that:

1.      On November 26, 2018, Defendant pled guilty to Possession of a Deadly Weapon during the Commission of a Felony (11 *Del. C.* § 1447), Strangulation (11 *Del. C.* § 607), and Breach of Bond Conditions during Commitment (11 *Del. C.* § 2109).[1]

2.      On the same day, Defendant was sentenced to twenty five (25) years at Level V, suspended after twelve (12) years, six (6) months for two (2) years supervision Level IV suspended after six (6) months for two (2) years supervision Level III, with GPS monitoring, for the charge of Possession of a Deadly Weapon During the Commission of a Felony.  For the charge of Strangulation, Defendant was

---

[1] *State v. Thomas McCray*, Crim. I.D. No. 1702010418, D.I. 35.

sentenced to five (5) years at supervision Level V suspended immediately for twelve (12) months at supervision Level III, concurrent, with GPS monitoring. For the Breach of Bond Conditions charge, Defendant was sentenced to five (5) years at Supervision Level V suspended immediately for twelve (12) months supervision Level III, concurrent, with GPS monitoring.[2] Per the agreement with the State as noted on the plea agreement, Defendant was not sentenced as habitual offender, despite being eligible.

3.    Defendant first moved for Modification of Sentence on December 20, 2018, pursuant to Criminal Rule 35(b).[3] That Motion was denied on March 5, 2019.[4]

4.    On August 2, 2022, the Defendant filed his second Motion for Modification/Review of Sentence.[5] On September 27, 2022, that motion was denied as time-barred and on its merits.[6]

5.    On October 10, 2022, the Defendant filed a Motion for Modification of Sentence with a request to have his no-contact Order lifted.[7] On October 24, 2022, this Court issued an Order denying the Motion for Modification of Sentence, with the direction that custody matters can be raised in the Family Court, as the no-contact

---

[2] *Id,* D.I. 36. The sentencing Order was modified on March 18, 2019 to include $12,067.00 in restitution. D.I. 40.
[3] D.I. 37.
[4] D.I 39.
[5] D.I. 43.
[6] D.I. 46.
[7] D.I. 47.

order permitted contact pursuant to a valid Family Court Order.[8]

6. On January 3, 2023, the Defendant filed a third Motion for Modification of Sentence, again requesting the no-contact order to be lifted.[9] On January 20, 2023, this Court issued an Order denying the third Motion for Modification of Sentence as duplicative of the Defendant's prior Motions for Modification of Sentence.[10]

7. On April 25, 2024, Defendant filed a Motion for Correction of an Illegal Sentence.[11] Pursuant to Criminal Rule 35(a), Defendant argued: (1) his 2004 Possession with Intent to Distribute conviction should not be cause for enhancement; (2) this Court has violated an Agreement under *11 Del. C.* §4214; and (3) Defendant's 2006 Tampering with Physical Evidence Conviction should not be predicated as a Felony for Enhancement of his Sentence.[12] The State opposed.[13] Defendant then wrote to the Court requesting transcripts, and despite having been given multiple opportunities to follow the correct procedure to request transcripts, he failed to do so. Therefore, the Court ruled on the papers and denied that motion, finding he was legally sentenced, as he was not sentenced pursuant to any sentence enhancement, nor was he declared a habitual offender or so sentenced.[14]

8. Defendant has now filed the instant Motion for Correction of an Illegal

---

[8] D.I. 48.
[9] D.I. 49.
[10] D.I. 50.
[11] D.I. 51.
[12] *Id.* at pp. 2-4.
[13] D.I. 54.
[14] D.I. 57.

Sentence.[15]  This is his second.   In this motion, he now argues that he was illegally sentenced outside of the Truth In Sentencing guidelines, as the presumptive sentence for Possession of a Deadly Weapon During the Commission of a Felony is in the range of 2-5 years, and he was sentenced to twelve and a half (12.5) years of unsuspended Level V time.[16]  The Court did not request the State to respond.

10.     Pursuant to Superior Court Criminal Rule 35(a), "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[17]  "The narrow function of Rule 35 is to permit correction of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence."[18]  A sentence is illegal if: (1) the sentence imposed exceeds the statutorily-authorized limits; (2) is violative of the Double Jeopardy Clause; (3) is ambiguous with respect to the time and manner in which it is to be served; (4) is intentionally contradictory; (5) it omits a term required to be imposed by statute; (6) it is uncertain as to the substance of the sentence; or (7) it is a sentence which the judgment of conviction did not authorize.[19]

11.     Defendant first argues that his sentence is "not authorized by the judgment of conviction…[a]nd is therefore in violation of his federal constitutional

---

[15] D.I. 58.
[16] *Id.* at p. 2.
[17] Del. Super. Ct. Crim. R. 35(a).
[18] *Hill v. United States*, 368 U.S. 424, 430 (1962).
[19] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

rights…" citing *Apprendi v. New Jersey*[20] and *Blakely v. Washington*.[21] Defendant argues that the sentencing judge's finding of the "Undue Depreciation of Offense" SENTAC aggravator was not authorized, since he "did not admit to committing [this factor] and [it] is not authorized by the judgment of conviction."[22]

12.  Defendant is mistaken. Notably, neither *Apprendi*, nor *Blakely* apply here. Defendant was sentenced within the statutory guidelines. The trial judge found on the record that the SENTAC aggravating factor that it would unduly depreciate the seriousness of the offense to sentence Defendant to anything less than a period of total confinement was within her province; Defendant's acquiescence to this aggravating factor is not required under the law. Because Defendant's sentence fell within the statutory range authorized, neither *Apprendi* nor *Blakely* apply or impact the outcome given the "voluntary and nonbinding nature of Delaware's sentencing guidelines."[23]

13.  Further, the SENTAC benchbook states that, "[a]ggravating and mitigating factors are to be used to explain a sentence imposed either above or below the presumptive sentence. Other factors, which do not appear on this list, may be utilized at the discretion of the sentencing judge.[24] The sentencing judge was well

---

[20] 530 U.S. 466, 120 S.Ct. 2348 (2000).
[21] 542 U.S. 296, 124 S.Ct. 2531 (2004).
[22] D.I. 58, p. 2, 5.
[23] *Shabazz v. State*, 2005 WL 1413234, *1, ORDER (Del. Jun. 14, 2005), citing *Benge v. State*, 2004 WL 2743431 (Del. Nov. 12, 2004).
[24] *See* SENTAC Benchbook, p. 21.

within her discretion in imposing Defendant's sentence pursuant to both 11 Del. C. Section 1447 and the SENTAC guidelines, therefore, Defendant's sentence was legal.[25]

14.    Accordingly, Defendant's Motion for Correction of an Illegal Sentence is **DENIED**.

**IT SO ORDERED.**

_____
Danielle J. Brennan, J.

Cc:    Original to File
Thomas McCray, SBI 00570171
Christina Davis, Esquire, Department of Justice

---

[25] *Siple v. State*, 701 A.2d 79, 82-83 (Del. 1997).